UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
LI WANG,                                   :
                                           :
                        Plaintiff,         :        24cv7781 (DLC)
                                           :
            -v-                            :        MEMORANDUM
                                           :        OPINION AND
HAITOU GLOBAL (CAYMAN) INC., et al.,       :          ORDER
                                           :
                        Defendants.        :
                                           :
----------------------------------------- X

APPEARANCES:

For plaintiff Li Wang:
David A. Berger
Bianca Lin
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, NY 10006

For defendants Carloha Inc. and Liang Long:
Sylvia P. Tsai
The Law Offices of Fuqiang Zhang, P.C.
39-07 Prince Street, Suite 4B
Flushing, NY 11354

DENISE COTE, District Judge:

        Plaintiff Li Wang seeks to lift a stay of proceedings, which was put in place pending arbitration of her claims against Haitou Global (Cayman) Inc. ("Haitou Global").  Haitou Global had invested Wang's money with Carloha Inc. ("Carloha") and Wang seeks enforcement of her settlement agreement with Carloha and its Chief Executive Officer, Liang Long (together with Carloha, the "Carloha Defendants").  For the following reasons, Wang's

motion to lift the stay to enforce a stipulated judgment against the Carloha Defendants is granted.

## Background

This Opinion assumes familiarity with the February 25, 2025 Opinion, which granted a motion to compel arbitration. See Wang v. Haitou Global (Cayman) Inc., 24cv7781, 2025 WL 618612 (S.D.N.Y. Feb. 25, 2025) ("February 25 Opinion"). This Opinion summarizes only the facts necessary to decide this motion. This case arises out of a series of investments totaling $1.4 million made by plaintiff Wang in notes issued by defendant Haitou Global, a private investment fund which lends capital to downstream borrowers. Wang's investments were then used by Haitou Global to make loans to defendant Carloha, a used-car retailer. Defendant Liang Long is the principal and Chief Executive Officer of Carloha.

On October 14, 2024, Wang sued Haitou Global and three related entities, alleging that the notes in which she invested matured but she had yet to receive full repayment. Wang also sued the Carloha Defendants, asserting claims against them for unjust enrichment, breach of contract, and aiding and abetting Haitou Global and the three related entities in securities fraud and fraudulent inducement. Carloha's cross-claims against Haitou Global and the related entities and Wang's claims against

2

Haitou Global are being arbitrated.  The remainder of the action is stayed pending completion of the arbitration.  See February 25 Opinion, 2025 WL 618612, at *2, *5.

On November 5, 2025, Wang entered into a settlement agreement with the Carloha Defendants.  The Agreement required the Carloha Defendants to pay Wang a total of $1.3 million in three installments: a first payment of $100,000 due with the execution of the agreement; a second payment of $600,000 due on or before November 30, 2025; and a third payment of $600,000 due on or before December 31, 2025.  The payments were required to be "timely made by same-day wire transfer of immediately available funds."

The agreement defined a default as follows:

> (a) A default in payment under this Agreement occurs if any of the Second Payment or the Third Payment is not received in the designated account by 5:00 p.m. Eastern Time on the due date set forth in Section 1 (a "Payment Default"). . . . Defendants shall have a one-time cure period of five (5) Business Days after transmission of the Default Notice to cure the first Payment Default only by delivering the missed payment and the Default Notice Legal Fee . . . . If Defendants fail to cure the first Payment Default within such five (5) Business Day period, a default ("Default") shall be deemed to have occurred as of the original due date of the missed installment(s), without further notice.

3

(Emphasis added.)  The agreement also provided for the following consequences of any such default:

>(b) <u>Upon any Default, Plaintiff may immediately enforce this Agreement against Defendants</u>, jointly and severally, for: (i) the unpaid portion of the Settlement Amount then outstanding; (ii) pre- and post-judgment interest at the New York statutory rate of nine percent from the original due date of the missed installment(s); (iii) Plaintiffs' reasonable attorneys' fees and costs in a fixed amount of US$50,000 (the "Enforcement Fee"); and (iv) any unpaid Default Notice Legal Fee(s) due under Section 5(a).  The Parties agree that the Enforcement Fee is fair and reasonable in light of anticipated enforcement efforts and shall be paid by Defendants, jointly and severally, within 30 days upon any Default.

>(c) To facilitate prompt enforcement as may be necessary, Defendants shall execute and deliver at execution of this Agreement a <u>stipulated judgment</u> providing for the entry of judgment in the SDNY Action <u>in the form attached hereto as Exhibit 1</u>, authorizing entry of judgment, upon the filing of an attorney declaration certifying that a Default has occurred and the amount due under Section 5(b) of this Agreement (the "Enforcement Documents").  Plaintiff may file the Enforcement Documents in the District Court without further notice upon a Default, including but not limited to, following the expiration of the one-time cure period described in Section 5(a).

>(d) Upon any Default, and in addition to the remedies in Sections 5(b)-(c), <u>Defendants hereby consent to and shall not oppose Plaintiff's request that the District Court lift or modify the stay in the SONY Action</u> to permit Plaintiff to resume prosecution of all claims against Defendants.

4

(Emphasis added.)

It is undisputed that Wang received the first payment of $100,000 upon the execution of the Settlement Agreement on November 5.  While the Carloha Defendants contend that they sent the second payment of $600,000, it is undisputed that Wang did not receive it by November 30, within the five-day cure period, or at any time.  On December 1, Wang sent the Carloha Defendants a notice of payment default with respect to the second payment due November 30.  The notice explained that failure to cure the default within the five-day period "shall result in a material breach of the Settlement Agreement."

Two weeks later, on December 31, the Carloha Defendants' third and final payment of $600,000 became due.  Wang did not receive the third payment then.  To date, Wang has not received any of the second payment of $600,000 or the third payment of $600,000 from the Carloha Defendants, amounting to a total amount due of $1.2 million.

On January 9, 2026, Wang filed a motion to lift the stay on this action as to only the Carloha Defendants for the limited purpose of enforcing a stipulated judgment against them.  Wang also submitted a proposed stipulated judgment pursuant to § 5(c) of the Settlement Agreement, which enters judgment in favor of Wang and orders the Carloha Defendants to pay (i) "the unpaid

portion of the Settlement Amount," $1.2 million, (ii) "pre- and post-judgment interest at the New York statutory rate of nine percent (9%) per annum," (iii) "reasonable attorneys' fees and costs in the fixed amount of US$50,000," and (iv) a "Default Notice Legal Fee of US$1,000."  The Carloha Defendants opposed the motion on January 23.  The motion became fully submitted on January 30.

## Discussion

It is well-established that a district court has broad discretion in deciding whether to lift a stay it previously imposed.  This discretion arises out of its "inherent" power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).

It is appropriate to lift the stay and enter the stipulated judgment.  The Carloha Defendants defaulted on their payment obligations under the Settlement Agreement.  Despite the Carloha Defendants' invocations of the Universal Commercial Code and references to "material factual disputes," the issue of default here is a simple matter of contract law.  "A settlement agreement is a contract that is interpreted according to general principles of contract law." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).  "Once entered into, the contract is binding

and conclusive." Id.  Here, the Settlement Agreement is unambiguous.  It provides that a "default" occurs "if any of the Second Payment or the Third Payment is not received in the designated account by 5:00 p.m. Eastern Time on the due date set forth in Section 1" and such a failure to pay is not cured within a five-day period.  It is undisputed that Wang had not received any of the second or third payments by their respective deadlines or within the five-day cure period and that the Carloha Defendants are in default under the express terms of the Settlement Agreement.  Moreover, lifting the stay furthers judicial economy by allowing Wang to enforce the Settlement Agreement.  Thus, Wang's motion to lift the stay as to the Carloha Defendants is granted.[1]

Wang also asks this Court to issue an Order entering judgment against the Carloha Defendants.  The parties attached a "Stipulated [Proposed] Judgment" to the Settlement Agreement, as part of the settlement.  There is no reason to not enter the judgment at this time.

---

[1] The Settlement Agreement also provided that "[u]pon any Default, . . . Defendants hereby consent to and shall not oppose Plaintiff's request that the District Court lift or modify the stay in the SDNY Action to permit Plaintiff to resume prosecution of all claims against Defendants."

## Conclusion

Wang's January 9, 2026 motion to lift the stay as to only the Carloha Defendants for the purpose of enforcing a stipulated judgment against them is granted.

Dated:    New York, New York
          March 3, 2026

_____
DENISE COTE
United States District Judge

8