UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
LI WANG,                                                    :
                                                            :
                                        Plaintiff,          :     Case No. 24-cv-07781 (DLC)
                                                            :
                        -against-                           :     STIPULATED [PROPOSED]
                                                            :     JUDGMENT
HAITOU GLOBAL (CAYMAN) INC., HI2 GP                         :
LLC, HI2 INVESTMENT MANAGEMENT, LLC,                        :
JINLONG (JERRY) WANG, CARLOHA INC.,                         :
AND LIANG LONG,                                             :
                                        Defendants.         :
------------------------------------------------------------x

                                      November

Upon consideration of the Settlement Agreement dated ~~October~~ 5, 2025 (the "Settlement Agreement") executed by Plaintiff Li Wang ("Plaintiff") and Defendants Carloha, Inc. ("Carloha") and Liang Long ("L. Long", together with Carloha, "Defendants"), and pursuant to Section 5(c) of the Settlement Agreement—whereby Defendants authorize the Court to enter judgment upon the filing by Plaintiff of an attorney declaration certifying that a Default (as defined in the Settlement Agreement) has occurred and stating the amount due under Section 5(b) thereof—and upon such attorney declaration, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is entered in favor of Plaintiff Li Wang and against Carloha, Inc. and L. Long (together, the "Judgment Debtors"), jointly and severally.

2. The Judgment Debtors shall pay to Plaintiff the unpaid portion of the Settlement Amount then outstanding under Section 1 of the Settlement Agreement, in the amount of US$[ 1,200,000 ] (the "Unpaid Settlement Balance"), which represents the aggregate unpaid amount of the First Payment, the Second Payment and/or the Third Payment as of the applicable due date(s).

11

3.    Pursuant to Section 5(b) of the Settlement Agreement, the Judgment Debtors shall pay pre- and post-judgment interest at the New York statutory rate of nine percent (9%) per annum on the Unpaid Settlement Balance from the original due date(s) of the missed installment(s) to the date of entry of this Judgment, in the amount of US$[ 22,931.50 ] (the "Interest Through Judgment"), plus post-judgment interest thereafter on any unpaid amount at the same rate provided in Section 5(b) of the Settlement Agreement until paid in full.

4.    Pursuant to Section 5(b) of the Settlement Agreement, the Judgment Debtors shall pay Plaintiff's reasonable attorneys' fees and costs in the fixed amount of US$50,000 (the "Enforcement Fee"), within 30 days of any Default, and pursuant to Section 5(a), Judgment Debtors also shall pay Plaintiff any unpaid Default Notice Legal Fee of US$1,000.

5.    The total Judgment in favor of Plaintiff and against the Judgment Debtors, jointly and severally, is US$1,273,931.50 (comprised of the Unpaid Settlement Balance of US$1,200,000 plus Interest Through Judgment of US$22,931.50 plus the Enforcement Fee of US$50,000 and the unpaid Default Notice Legal Fee of $ 1,000 ), plus post-judgment interest as set forth in Section 5(b) of the Settlement Agreement.

6.    This Judgment is entered pursuant to and in accordance with Section 5 of the Settlement Agreement. As provided in Section 5(c), Defendants have expressly authorized entry of judgment upon the filing of Plaintiff's attorney's declaration certifying Default and amounts due; no further notice or hearing is required.

7.    No stay of execution shall apply to this Judgment absent further order of the Court. The Judgment Debtors shall not assert any setoff, recoupment, counterclaim, or defense to delay or impair enforcement of this Judgment except as may be expressly permitted by the Settlement Agreement.

8.     The Court retains jurisdiction to enforce this Judgment and the Settlement

Agreement, including without limitation to determine any dispute as to the computation of

interest or other amounts due hereunder, and to enter such further orders as may be necessary

and appropriate.  Jurisdiction and venue is proper in this Court by the Judgment Debtors' consent

and pursuant to the Settlement Agreement.

9.     The Clerk of Court is directed to enter this Stipulated Judgment forthwith upon

submission by Plaintiff of an attorney declaration certifying Default and amounts due under the

Settlement Agreement, and to close the matter as to the Judgment Debtors if no further issues

remain pending before the Court.

Dated: New York, New York
       March 3    , 2026

                                        SO ORDERED:

                                        _____
                                        DENISE COTE
                                        United States District Judge

[Signature Page Follows]

13

Approved as to form and consented to:

ALLEGAERT BERGER & VOGEL LLP

BY: _____

David A. Berger
Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 570-0550
dberger@abv.com
blin@abv.com

*Counsel for Plaintiff Li Wang*

THE LAW OFFICES OF FUQIANG ZHANG, P.C.

By: _____

Sylvia P. Tsai

275 Madison Avenue, Suite 903,
New York, NY 10016
(718) 321-7006
stsai@law-gz.com

*Counsel for Defendant Carloha Inc.*

Judgment Debtors' Acknowledgment and Consent:

Carloha, Inc. and Liang Long, acknowledge, stipulate, and consent to entry of this Judgment in accordance with the Settlement Agreement and waive any further notice or opportunity to be heard with respect to entry of this Judgment upon Plaintiff's filing of the attorney declaration referenced above.

Carloha, Inc.

By: _____

Name: Liang Long
Title: CEO
Date:. 11/5/2025

Liang Long

_____

14