UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LI WANG,

Plaintiff,

-v-

HAITOU GLOBAL (CAYMAN) INC., et al.,

Defendants.

24cv7781 (DLC)

MEMORANDUM OPINION AND ORDER

APPEARANCES:

For plaintiff Li Wang:
David A. Berger
Bianca Lin
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, NY 10006

For defendants Haitou Global (Cayman) Inc., Hi2 Investment Management, LLC, Hi2 GP LLC, and Jinlong (Jerry) Wang:
Michael Halper
Halper Law
43 W. 43rd Street, Suite 356
New York, NY 10036

DENISE COTE, District Judge:

The defendants have moved to dismiss the first amended complaint ("FAC") in this action. For the following reasons, the motion is denied.

## Background

This Opinion assumes familiarity with the February 25, 2025 Opinion, which granted a motion to compel arbitration, and a

March 3, 2026 Opinion, which granted a motion to lift the stay that had been imposed pending arbitration. See Wang v. Haitou Global (Cayman) Inc., 24cv7781, 2025 WL 618612 (S.D.N.Y. Feb. 25, 2025); Wang v. Haitou Global (Cayman) Inc., 24cv7781, 2026 WL 594025 (S.D.N.Y. Mar. 6, 2026). This Opinion summarizes only the facts necessary to decide this motion.

As described in the FAC, this case arises out of a series of investments totaling $1.4 million made by plaintiff Wang in three Notes issued by defendant Haitou Global ("Global"), a private investment fund which lends capital to downstream borrowers. These Notes were purportedly backed by loans Global made to Carloha Inc. Global and the related entity defendants are controlled by defendant J. Wang.

To induce this investment, J. Wang made representations to the plaintiff during their meetings in J. Wang's offices. Those oral representations, and statements made in offering documents in connection with the sale of these Notes, included assurance that the Notes were registered with the SEC, that layers of risk control and protection existed, and that monthly reports would be issued. J. Wang assured the plaintiff that the Notes were backed by car inventory held by Carloha, which served as collateral for the loan to Carloha.

During telephone calls in February 2024, J. Wang admitted to the plaintiff that her investment had not been handled by the defendants in the way she had been led to believe it would. J. Wang admitted that her funds had not been segregated but had instead been pooled together with funds from other investors. J. Wang also admitted that the reports to the investors contained fabricated data misstating the performance of the funds controlled by the defendants.

The Notes became due in May and June of 2024 but were not paid. While Carloha paid over $3.2 million to Global and other defendants, those funds were not transferred to the plaintiff.

The FAC pleads a claim of securities fraud pursuant to § 10(b) of the Securities Exchange Act and Rule 10b-5, fraudulent inducement, breach of contract, and control person liability. The defendants' motion to dismiss was fully submitted on August 21, 2026.

## Discussion

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted).

The elements of the claims pleaded in the FAC are well-established and need not be recited here. The FAC pleads sufficient facts to assert claims that sound in securities fraud and breach of contract.

The defendants principally argue that the FAC fails to identify the specific documents which contain the alleged false or misleading representations. They are correct, but that deficiency can be explored during discovery. The FAC pleads that the documents merely confirmed oral representations made by J. Wang to induce the investment. Because the FAC describes the oral representations made by J. Wang, as well J. Wang's admission that he had made false statements, the absence of a more precise pleading of the representations made in the documents is not fatal to these claims.

## Conclusion

The defendants' July 31, 2026 motion to dismiss is denied.

Dated: New York, New York
August 27, 2026

DENISE COTE
United States District Judge