USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

LI WANG,

Plaintiff,

-against-

HAITOU GLOBAL (CAYMAN) INC., et al.,

Defendants.

-----------------------------------------------------------------X

**24-CV-7781 (DLC) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

The Court is in receipt of a letter motion dated September 11, 2026 from Plaintiff indicating that non-party Cordelia Li ("Ms. Li") is still out of compliance with the Court's Order at ECF No. 102, other orders issued by the Court, and the subpoenas Plaintiff served on her. (ECF No. 123) It is abundantly clear that Ms. Li has repeatedly failed to comply with her discovery obligations and court orders, including most recently her failure to respond to the Show Cause Order at ECF No. 116. The Court was clear in its order that should Ms. Li be unable to attend the September 8 deposition for medical reasons, she would need to seek permission from the Court with appropriate documentation supporting her request for an adjournment. Ms. Li did not provide medical documentation in advance of the deposition or the day after — rather, she only provided a document reflecting she went to the hospital emergency room at some point on September 8.[1] (ECF Nos. 124-1, 124-2)

[1] At ECF No. 102, the Court noted "[i]f a medical issue affects someone's ability to comply with any deadline, that issue must be promptly brought to the Court's attention and supported by medical documentation. However, the Court does not expect confidential medical information to be filed publicly. If supporting medical documentation, including a physician's note, is necessary, the party or non-party may request permission to file that material under seal."

Out of an abundance of solicitude and in an attempt to extend Ms. Li one final chance to gain compliance with both her broader discovery obligations and the Court's orders, Plaintiff's motion at ECF No. 123 is GRANTED as to the motion to compel and DENIED without prejudice as to the motion for sanctions.

Ms. Li is hereby ORDERED to attend a deposition in the jury room of Courtroom **17D on Friday October 2,2026 at 10:00 am**. On that date, Ms. Li will provide Plaintiff with the following discovery (to the extent it has not already been produced):

1. Documents reflecting all interests Cordelia Li has, or had, from January 1, 2024 to present, in any real property, whether owned directly or indirectly, including but not limited to any interest in the properties located at: (a) 92 Willets Drive, Syosset, New York 11791; (b) 47 Roosevelt Avenue, Syosset, New York 11791; and (c) 6 Hayharn Ct, Old Westbury, New York 11568, including all deeds, title documents, mortgages, and closing statements.
2. Documents reflecting all transfers, conveyances, assignments, or change in ownership of any real property in which Cordelia Li and Liang Long held a joint interest, from January 1, 2024 to present, including all deeds, title transfers, quitclaim deeds, warranty deeds, and any documents reflecting the consideration paid or received for such transfers.
3. Documents reflecting all real property that was previously held in both Cordelia Li's and Liang Long's names and is now held solely in Cordelia Li's name, including the date of any such change in ownership, the reason for such change, and all documents reflecting any consideration exchanged.
4. Documents reflecting all gifts, transfers, or conveyances of real or personal property from Liang Long to Cordelia Li from January l, 2024 to present, including the nature of the property transferred, the date of transfer, and any consideration received.
5. All banking and investment statements for any accounts held by Cordelia Li, whether individually or jointly with Liang Long, including without limitation statements for checking accounts, savings accounts, money market accounts, certificates of deposit, brokerage accounts, and any other accounts, held at any financial institution, from January 1, 2024 to the present.
6. For the period January 1, 2024 to the present, documents sufficient to show any accounts held by or for the benefit of Cordelia Li at: (a) JPMorgan Chase Bank, N.A.; (b) Flagstar Bank; (c) Citibank, N.A.; (d) Bank of America, (e) East West Bank; or (f) any other bank or financial institution, such as account statements, signature cards, and account opening documentation.

7. Documents reflecting all funds, and the amount of any funds, transferred from any account held by Liang Long, or jointly by Liang Long and Cordelia Li, to any account held solely by Cordelia Li, from January 1, 2024 to present.
8. Documents sufficient to show whether Cordelia Li has an ownership interest in any motor vehicles, including automobiles, trucks, motorcycles, boats, recreational vehicles, or any other vehicles, such as titles, registrations, bills of sale, and loan or lease agreements, particularly any vehicles previously titled jointly with Liang Long or transferred from Liang Long.
9. Documents reflecting ownership of or any interest in any stocks, bonds, mutual funds, exchange-traded funds, government securities, or other securities held by or for the benefit of Cordelia Li, individually or jointly with Liang Long, from January 1, 2024 to present.
10. Documents reflecting all retirement or deferred compensation accounts held by Cordelia Li, including but not limited to 401(k) plans, 403(b) plans, individual retirement accounts (IRAs), SEP-IRAs, SIMPLE IRAs, deferred compensation arrangements, or profit-sharing plans, and any contributions, rollovers, or transfers to such accounts from Liang Long or accounts held jointly with Liang Long.
11. Documents reflecting all life insurance policies owned by Cordelia Li or in which Cordelia Li is a beneficiary, including policies on the life of Liang Long, the names of the insurance companies, policy numbers, amounts, cash surrender values, and beneficiary designations.
12. All federal and state income tax returns filed by or on behalf of Cordelia Li, whether individually or jointly with Liang Long, for the tax years 2024 through 2026, and all supporting schedules, W-2s, 1099s, K-1 s, and other tax-related documentation.
13. Documents reflecting all trusts in which Cordelia Li is a grantor, trustee, or beneficiary, including trust agreements, amendments, schedules of trust assets, and any transfers of assets to or from such trusts involving property previously owned by or jointly with Liang Long.
14. Documents reflecting all interests Cordelia Li has in any entity, including any corporation, limited liability company, partnership, or other business entity, and any transfers of ownership interests in such entities from Liang Long to Cordelia Li, including but not limited to, corporate formation documents and shareholder or partner agreements.
15. All documents reflecting any prenuptial, postnuptial, or other marital agreement between Cordelia Li and Liang Long that addresses the ownership, division, or transfer of assets.
16. All communications between Cordelia Li and Liang Long, or between Cordelia Li and any third party, concerning the transfer of any real or personal property from joint ownership to Cordelia Li's sole ownership, or from Liang Long to Cordelia Li.

17. Documents sufficient to show all accounts or assets held by Cordelia Li in any foreign country, including statements from any foreign financial institution, and documents identifying the type of account or asset and its approximate value.
18. Documents reflecting all cryptocurrency, digital assets, non-fungible tokens (NFTs), or digital wallets owned or held by Cordelia Li, including records from any platform, exchange, or wallet, all transaction histories associated therewith, and any transfers of such assets from Liang Long.
19. All appraisals, valuations, or assessments of any real or personal property owned by Cordelia Li, individually or jointly with Liang Long, from January 1, 2019 to present.
20. Documents sufficient to identify all sources of income, revenues, or anticipated payments of monies or other consideration to Cordelia Li not otherwise responsive to request Nos. 1- 19, above.
21. *Complete* responses to Plaintiff's Information Subpoena

Plaintiff is directed to provide a court reporter and a Mandarin-language translator and make other necessary arrangements for the reporter and translator to appear with their equipment on the date of the deposition.[2]

Ms. Li is warned that failure to appear on October 2, 2026, or otherwise comply with this Order will result in a recommendation that Ms. Li be held in contempt pursuant to Federal Rule of Civil Procedure 45(g), that coercive daily fines be imposed until she complies, and that Plaintiff be awarded the reasonable attorneys' fees and costs incurred as a result of her noncompliance. If Ms. Li fails to appear for the deposition and/or produce the documents identified above at the appointed date and time, Plaintiff may file, without the need for a pre-motion conference, a formal motion for sanctions under Rule 45 by **October 16, 2026**. Ms. Li's opposition shall be due **October 30, 2026**, and Plaintiff's reply, if any, shall be due **November 6,**

[2] To the extent that that the parties intend to bring electronic devices, including stenograph equipment, to the deposition they are to fill out the following form and follow the instructions therein: https://nysd.uscourts.gov/sites/default/files/practice_documents/KHP%20Parker%20ELECTRONIC%20DEVICE-WIFI%20REQUEST%20FORM.pdf

**2026**. The Local Rules, not this Court's individual practices, shall govern the page and word count limitations for any such briefs.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 123.**

**SO ORDERED.**

DATED: New York, New York
September 25, 2026

Katharine H Parker
KATHARINE H. PARKER
United States Magistrate Judge