USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

LI WANG,

Plaintiff,

-against-

HAITOU GLOBAL (CAYMAN) INC., et al.,

Defendants.

---------------------------------------------------------------X

**24-CV-7781 (DLC) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On September 30, 2026, counsel for non-party Cordelia Li ("Ms. Li") filed a letter advising the Court that Ms. Li is currently in China for medical treatments and "cannot ascertain yet" whether she will appear for the deposition ordered by the Court at ECF No. 130. (ECF No. 133) Plaintiff filed a letter in response to Ms. Li's letter soon thereafter. (ECF No. 134)

As a preliminary matter, counsel's failure to alert the Court to Ms. Li's travel plans before Wednesday, September 30, 2026 is inexcusable. *See Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 584-85 (S.D.N.Y. 2025) (imposing sanctions of $59,119.75 in fees plus $7,561.35 in costs against counsel personally after finding "counsel [ ] failed to respond to the [deposition] notice indicating their unavailability until . . . two business days before the deposition[.]"); *see also* 28 U.S.C. § 1927. Counsel represents that he was aware of the scheduled deposition as early as September 25, 2026. He also represents that he discovered she was abroad as early as September 27, 2026. Regardless of his own travel plans, as an officer of the Court, he could – and indeed should – have promptly advised the Court that Ms. Li's travel could prevent her compliance with the Court's Order, rather than waiting until two days before the deposition to raise the issue. This pattern of dilatory conduct cannot continue.

In light of Plaintiff's response, **by 12:00 p.m. on October 1, 2026**, counsel for Ms. Li shall file a letter to the public docket unequivocally stating whether Ms. Li will appear for the October 2, 2026 deposition.

If counsel represents that Ms. Li will not appear, the letter shall explain in detail when Ms. Li booked her recent travel, when Ms. Li departed the United States, and when she expects to return. Further, if the letter indicates Ms. Li will not appear, Plaintiff will be excused from attendance at the October 2, 2026 deposition and need not book a court reporter and a Mandarin-language interpreter.

Ms. Li contends that medical circumstances previously prevented her from appearing for her deposition and suggests she has ongoing medical issues but the information she has provided has not adequately supported her representations or been consistent with this Court's prior orders (see ECF Nos. 94, 102, 116, 130). In light of this, by October 8, 2026, counsel for Ms. Li shall submit for *in camera* review:[1]

- A physician's note addressing the following:
    1. The general nature of the medical condition or conditions that Ms. Li contends prevented or prevent her from appearing for her deposition on August 5, 2026, September 8, 2026, and October 2, 2026 ( and from producing documents as required by the Court's Orders at ECF Nos. 94, 102, 116, and 130.
    2. Whether those medical condition(s) limit Ms. Li's ability to sit and answer questions for a seven-hour deposition and, if so, the maximum period of time she is medically able to participate in a deposition.
    3. An explanation of how Ms. Li's medical condition(s) permit her to undertake air travel to China, which typically requires upwards of 14 to 16 hours of travel, while preventing her from sitting for a seven-hour deposition.
    4. The expected duration of the medical limitations.

[1] Counsel for Ms. Li may make such the submission, *ex parte*, by emailing the Court at: Parker_NYSDChambers@nysd.uscourts.gov

- Documents sufficient to establish Ms. Li's international travel from August 2026 to the present such as copies of plane tickets and passport stamps showing her leaving and re-entering the U.S.

Ms. Li and her counsel are again warned that a failure to comply with this and other court orders will result in a recommendation of sanctions. (ECF No. 130 at 4)

**SO ORDERED.**

DATED: New York, New York
September 30, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge